1  ANDREW S. WONG (SBN 198227)
   Email: andrew.wong@dechert.com
2  CATHERINE L. CARLISLE (SBN 298316)
   Email: catherine.carlisle@dechert.com
3  DECHERT LLP
   US Bank Tower
4  633 West 5th Street
   37th Floor
5  Los Angeles, CA 90071-2013
   Telephone: +1 213 808 5700
6  Facsimile: +1 213 808 5760

7  Attorneys for Defendants
   LINDSAY ROSENWALD, MIKE WEISS, OPUS
8  POINT PARTNERS, MUSTANG BIO, INC. (a/k/a
   MUSTANG THERAPEUTICS, INC.),
9  CITY OF HOPE, and FORTRESS BIOTECH, INC.
   (f/k/a CORONADO BIOSCIENCES, INC.)

10

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13                    WESTERN DIVISION

14

15  WINSON TANG, an individual,          Case No. 2:16-cv-1317

16          Plaintiff,                   **NOTICE OF REMOVAL UNDER
                                         28 U.S.C. §§ 1332, 1441, and 1446**
17  v.                                   **BY DEFENDANTS LINDSAY
                                         ROSENWALD, MIKE WEISS, OPUS**
18  LINDSAY ROSENWALD, an                **POINT PARTNERS, MUSTANG
    individual; MIKE WEISS, an           BIO, INC. (a/k/a MUSTANG**
19  individual; OPUS POINT PARTNERS,     **THERAPEUTICS, INC.), CITY OF
    a Delaware Limited Liability         HOPE, and FORTRESS BIOTECH,**
20  Company; MUSTANG BIO, INC. (aka      **INC. (f/k/a CORONADO
    MUSTANG THERAPEUTICS, INC.)          BIOSCIENCES, INC.)**
21  a Delaware Corporation; CITY OF
    HOPE, a California nonprofit public
22  benefit corporation; FORTRESS
    BIOTECH, INC. (f/k/a Coronado
23  Biosciences, Inc.) a Delaware
    corporation; and DOES 1-10, inclusive,
24
            Defendants.
25

26

27

28

1  **TO THE CLERK OF THE UNITED STATES OF DISTRICT COURT FOR**

2  **THE CENTRAL DISTRICT OF CALIFORNIA:**

3       **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and

4  1446, Defendants Lindsay Rosenwald ("Rosenwald"), Mike Weiss ("Weiss"), Opus

5  Point Partners ("Opus"), Mustang Bio, Inc. (a/k/a Mustang Therapeutics, Inc.)

6  ("Mustang"), City of Hope ("COH"), and Fortress Biotech, Inc. (f/k/a Coronado

7  Biosciences, Inc.) ("Fortress") hereby remove this action filed by Plaintiff Winson

8  Tang from the Superior Court of the State of California, County of Los Angeles, to

9  the United States District Court for the Central District of California.

10  **I.    BACKGROUND**

11      1.    On January 15, 2016, Dr. Tang filed a Complaint against Defendants

12  in the Superior Court of the State of California, County of Los Angeles, Case No.

13  BC 607346 (the "State Court Action").

14      2.    Starting on January 26, Dr. Tang served Defendants with copies of the

15  Complaint, a Summons, and related court documents.  True and correct copies of

16  these documents are attached hereto as Exhibit A.  Exhibit A constitutes all process,

17  pleadings, and orders served in the State Court Action.

18      3.    This action is removable under 28 U.S.C. § 1441, because it is

19  between citizens of different states and the amount in controversy exceeds

20  $75,000.00.  Defendants have satisfied the procedural requirements for removal,

21  and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

22      4.    In filing this Notice of Removal, Defendants reserve all defenses,

23  including, but not limited to, lack of personal jurisdiction, improper venue,

24  insufficient service of process, and failure to join and/or misjoinder of parties.

25

26

27

28

1   **II.    THIS CASE IS REMOVABLE BECAUSE THE COURT HAS**
2   **DIVERSITY JURISDICTION OVER THE PARTIES**

3           5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because

4   there is complete diversity among all *properly joined* and served parties and the

5   amount in controversy exceeds $75,000, exclusive of interest and costs.

6           **A.     Complete Diversity Of Citizenship Exists Among All Properly**
7           **Joined Parties**

8           6.      Plaintiff's Citizenship.  As alleged in the Complaint, Dr. Tang is a

9   resident of Los Angeles, California.  Compl. ¶ 3.  For diversity purposes, a person

10  is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley*

11  *Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is prima facie

12  evidence of domicile.  *Anderson v. Watts*, 138 U.S. 694, 705-707 (1981); *State*

13  *Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Stine v.*

14  *Moore*, 213 F.2d 446, 448 (5th Cir. 1954).  Dr. Tang is a citizen of California.

15          6.      The Individual Defendants.  Dr. Rosenwald and Mr. Weiss are citizens

16  of the State of New York.  Declaration of Dr. Lindsay Rosenwald ("Rosenwald

17  Decl.") ¶ 4.

18          7.      Fortress's Citizenship.  Fortress is incorporated in the State of

19  Delaware, and its headquarters is in New York, New York.  *Id.* ¶ 3.  Pursuant to 28

20  U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by

21  which it has been incorporated and of the State . . . where it has its principal place

22  of business."  A corporation's "principal place of business" is "where a

23  corporation's officers direct, control, and coordinate the corporation's activities," or

24  its "nerve center."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  Fortress is a

25  citizen of Delaware and New York.

26          8.      Mustang's Citizenship.  Mustang is incorporated in the State of

27  Delaware, and Mustang's headquarters is New York, New York.  Rosenwald Decl.

28  ¶ 5.  Mustang is a citizen of Delaware and New York.

DECHERT LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

DEFENDANTS' NOTICE OF REMOVAL
UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

1  9.   Opus's Citizenship.  Opus is a limited liability company organized and

2  registered in the State of Delaware, and its headquarters is in New York, New York.

3  *Id.* ¶ 4.  Opus is a citizen of Delaware and New York.

4  10.   Doe Defendants.  Dr. Tang has named, but not served, fictitious

5  defendants "Does 1–10."  28 U.S.C. § 1441(b)(1) provides that for purposes of

6  removal, "the citizenship of defendants sued under fictitious names shall be

7  disregarded."  *See also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th

8  Cir. 1980) (unnamed defendants are not required to join in a removal petition).

9  Thus, the citizenship of the Doe Defendants is irrelevant to a removal analysis.

10  **B.    The Non-Diverse Defendant Is Fraudulently Joined And Its**

11  **Presence Does Not Defeat Diversity**

12  11.   Dr. Tang alleges that defendant COH is a non-profit public benefit

13  corporation in the State of California.  However, COH's presence in this case does

14  not defeat diversity because COH was fraudulently joined, and COH will soon file

15  a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Indeed, Dr. Tang pleads

16  its claim against COH in the alternative, and while the claim is purportedly for

17  breach of contract, he does not identify any action that COH took to breach the

18  contract and does not seek any form of relief from COH.  COH was plainly named

19  in the Complaint as a late addition in the hope that it might defeat diversity

20  jurisdiction.

21  12.   The fraudulent joinder doctrine reflects "a Congressional intent to

22  prevent the fraudulent joinder of forum defendants in order to avoid removal."

23  *Khashan v. Ghasemi*, No. CV 10-00543 (MMM), 2010 WL 1444884, at *2 (C.D.

24  Cal. Apr. 5, 2010).

25  13.   As the Ninth Circuit has recognized, the "[j]oinder of a non-diverse

26  defendant is deemed fraudulent, and the defendant's presence in the law suit is

27  ignored for purposes of determining diversity, if the plaintiff fails to state a cause of

28  action against a resident defendant, and the failure is obvious according to the

DECHERT LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

DEFENDANTS' NOTICE OF REMOVAL
UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

1   settled of rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F. 3d 1061, 1067

2   (9th Cir. 2001) (internal quotation marks omitted); *see also McCabe v. General*

3   *Foods Corp.*, 811 F. 2d 1336, 1339 (9th Cir. 1987).  If there is no possibility that a

4   plaintiff can establish liability against a defendant, then joinder is fraudulent.  *Bear*

5   *Valley Family, L.P. v. Bank Midwest, N.A.*, No. ED CV 10-905 (PSG), 2010 WL

6   3369600, at *2 (C.D. Cal. Aug. 23, 2010).  The Ninth Circuit permits district courts

7   to consider facts outside the complaint to identify "the presence of discrete and

8   undisputed facts that would preclude plaintiff's recovery against the in-state

9   defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009).

10                  **1.      Dr. Tang Does Not Assert that COH Breached Any Contract**

11          14.     The Complaint asserts only one cause of action against COH:  a claim

12   for breach of contract related to the License Agreement, which was executed by

13   COH and Mustang on March 17, 2015 (the "License Agreement").  Compl. ¶¶ 53-

14   61.  The alleged breach concerns obligations allegedly owed to Dr. Tang as a

15   claimed third-party beneficiary of the License Agreement.  *Id.* ¶ 58.

16          15.     The Complaint identifies this claim as an "alternative claim," which

17   would be moot if the first four claims (not asserted against COH) were to succeed.

18   *Id.* ¶ 54.  The License Agreement is attached as Exhibit B, because its contents are

19   undisputed by the parties and its inclusion assists in showing that Dr. Tang cannot

20   succeed in his action against COH.  Dr. Tang's allegations against COH are so

21   insufficient as to "preclude [P]laintiff's recovery against the in-state defendant."

22   *Hunter*, 582 F.3d at 1044.

23          16.     This insufficiency is apparent from the face of the Complaint.  In his

24   discussion of this claim, Dr. Tang alleges that "Mustang, Dr. Rosenwald, Fortress,

25   Opus and Mr. Weiss have breached the obligations owed to [Plaintiff] as a creditor,

26   intended third party beneficiary of the license agreement . . ."  Compl. ¶ 58.

27   However, the Complaint does not allege that *COH* breached the License

28   Agreement.  *Id.* ¶ 61.  Thus, even if Dr. Tang were a third-party beneficiary to the

1  License Agreement, he has not alleged that COH breached any obligation to him

2  and he does not seek any recovery against COH.

3      17.    Because Dr. Tang claims that the alleged breach of the License

4  Agreement directly caused the damages under this cause of action, but fails to

5  allege that COH itself breached the License Agreement or to seek any damages

6  from COH, Dr. Tang is precluded from recovery against COH.  *Hunter*, 582 F.3d at

7  1044; *see also Fisher v. Paul Revere Ins. Grp.*, 55 F. App'x 412, 414 (9th Cir.

8  2002) (defendant was fraudulently joined because plaintiff did not specifically

9  allege facts that would support any of the elements of plaintiff's claim); *Brown v.*

10  *Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1137 (S.D. Cal. 1998) (defendants were

11  fraudulently joined because "no material allegations" were made against them).

12      18.    Dr. Tang also alleges in a conclusory fashion that COH is joined

13  because "its ownership interest in Mustang and the license would be diluted if Dr.

14  Tang is also a 15% capital stock holder."  Compl. ¶ 59.  However, Dr. Tang does

15  not specifically allege why this would be the case, and it is not correct.  The exhibit

16  to the License Agreement upon which Dr. Tang relies recites that COH has 10% of

17  stock in Mustang, and Dr. Tang has 15%.  COH currently has 10% stock in

18  Mustang, and if Dr. Tang could obtain his 15%, he would receive it from the other

19  Defendants (Mustang, Dr. Rosenwald, Mr. Weiss, Fortress and Opus), whom the

20  Complaint alleges have breached the obligation to provide such shares to Dr. Tang.

21  *Id.* ¶ 58.  The Complaint nowhere alleges, nor could it, that COH's 10% will

22  change at all, were Dr. Tang to receive the shares he seeks.  The Complaint thus

23  does not seek any relief that would have any legal impact on COH.

24          2.    **Dr. Tang Does Not Allege that He Is a Third-Party**

25                **Beneficiary of the License Agreement**

26      19.    In addition to the fact that Dr. Tang's allegations against COH are

27  facially insufficient, his allegations concerning his third-party beneficiary status are

28  entirely conclusory and contradicted by the allegations in the Complaint.  "Whether

DECHERT LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

DEFENDANTS' NOTICE OF REMOVAL
UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

1  a third party is an intended beneficiary to the contract involves construction of the

2  parties' intent, gleaned from reading the contract as a whole in light of the

3  circumstances under which it was entered." *Neverkovec v. Fredericks*, 74 Cal. App.

4  4th 337, 349 (1999).  To satisfy this standard, a party seeking the benefits of third-

5  party status under a contract must show that the parties to the contract intended to

6  use that contract to benefit him.  "The circumstance that a literal contract

7  interpretation would result in a benefit to the third party is not enough to [render

8  that party a third-party beneficiary].  The contracting parties must have intended to

9  confer a benefit on the third party." *Id.* at 348.  "Generally, it is a question of fact

10  whether a particular third person is an intended beneficiary of a contract." *Souza v.*

11  *Westlands Water Dist.*, 135 Cal. App. 4th 879, 891(2006).

12      20.    Dr. Tang summarily alleges that Mustang and COH intended for the

13  License Agreement to be "for Dr. Tang's specific, individual benefit." Compl.

14  ¶ 55.  The License Agreement, however is precisely that—a *license* agreement

15  pursuant to which COH licensed its technology to Mustang in return for payment.

16  Dr. Tang did not own the licensed technology, and he did not make any payments

17  for the license.  He is not a party to the License Agreement, and he is not mentioned

18  anywhere in the agreement, except in connection with the putative shareholder

19  exhibit.  Dr. Tang does not allege any facts—much less any plausible facts—that

20  COH or Mustang agreed to enter into the License Agreement for the purpose of

21  granting him any equity.  Indeed, Dr. Tang does not even allege which of the

22  parties had the intent to benefit him; he appears simply to claim that both parties

23  did so.

24      21.    Dr. Tang's conclusory third-party beneficiary allegations contradict

25  the factual allegations he makes elsewhere.  Dr. Tang alleges that the other

26  Defendants—and not COH—promised him 15% equity independent of the terms of

27  the License Agreement. *See, e.g.*, *id.* ¶ 30-36.  He alleges that, "in the meantime,"

28  while the License Agreement was being negotiated, Dr. Tang, "Dr. Rosenwald,

DECHERT LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

DEFENDANTS' NOTICE OF REMOVAL
UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

1    Fortress, and Mr. Weiss continued to solidify the specific terms of their agreement,"

2    *id.* ¶ 19, and that, independent of the License Agreement, Dr. Tang, Dr. Rosenwald,

3    Mr. Weiss, and Fortress agreed by mid-January that Dr. Tang would obtain 15 %

4    equity.  *Id.* ¶¶ 19-20.  Dr. Tang does not describe why the parties involved, having

5    allegedly come to this agreement, would have decided to address his equity in the

6    License Agreement, particularly when the operative portions of the contract spoke

7    only of COH's equity interests in Mustang.  Ex. B, § 4.3(a)

8         22.    Dr. Tang does not identify any acts that COH took to breach the

9    contract, does not seek any relief against COH, and the allegations supporting his

10   third-party beneficiary claim are conclusory, uncertain, and contradictory.  As such,

11   they "fail[] to state a cause of action" against COH, and that "failure is obvious

12   according to the settled of rules of the state."  *Morris*, 236 F. 3d at 1067.

13   Accordingly, the joinder of COH is fraudulent and cannot be used to defeat

14   diversity jurisdiction against the other defendants.

15        **C.    The Amount In Controversy Requirement Is Satisfied**

16        23.    While Dr. Tang will not be able to recover damages in any amount, the

17   Complaint purports to seek an amount in controversy that well exceeds $75,000,

18   exclusive of interest and costs.

19        24.    A defendant may remove a case to federal court pursuant to 28 U.S.C.

20   § 1332(b) where the amount in controversy exceeds $75,000, even if the plaintiff

21   fails to set forth any specific damage amount.  *See, e.g.*, *Cohn v. PetsMart, Inc.*, 281

22   F.3d 837, 839-40 (9th Cir. 2002).  Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal

23   is proper on the basis of an amount in controversy if a court finds, by the

24   preponderance of the evidence, that the amount in controversy exceeds $75,000.  If

25   it is "facially apparent" from the complaint that, although no damages are specified,

26   the injury complained of exceeds the jurisdictional amount, removal is proper.

27   *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376-37 (9th Cir. 1997).

28

1   Further, the defendant may submit—and the court may rely upon—facts in the

2   removal petition to meet this burden.  *Id.* at 377.

3         25.    Here, in addition to any other damages sought, the Complaint seeks

4   specific performance or compensatory damages in an amount equal to 15% of the

5   stock in Mustang.  Compl., Prayer for Relief.  The value of these stock certificates

6   far exceeds $75,000.  As reflected in the License Agreement, Mustang is a

7   substantial company that paid millions of dollars for the license to COH's

8   technology.

9         26.    On March 31, 2015, Scalar conducted a 409A evaluation of Mustang,

10   which is attached as Exhibit C, and submitted in support of this notice.  *See Singer*,

11   116 F.3d at 377.  Under this valuation, Scalar used a 10 million share capitalization,

12   which is the same as in COH and Mustang's License Agreement.  Ex. C.  If Dr.

13   Tang had been awarded 15% of these shares, he would have received 1.5 million

14   shares.  Scalar arrived at a $0.267 per share valuation, which it discounted to

15   $0.147 per share.  *Id.*  Even applying the discount, Dr. Tang's claimed equity would

16   be worth $220,500.00.  *Id.*  Mustang is worth at least that much, and likely,

17   considerably more than it was at the time of the Scalar analysis.  *See* Rosenwald

18   Decl. ¶ 6.

19         27.    In addition, Dr. Tang seeks exemplary and/or punitive damages for all

20   his claims.  Compl. ¶¶ 52.  "In determining the amount in controversy, the court

21   must consider the amount of actual and punitive damages."  *Nasiri v. Allstate*

22   *Indem Co.*, 41 F. App'x. 76, 77 (9th Cir. 2002); *see also Gibson v. Chrysler Corp.*,

23   261 F.2d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are

24   part of the amount in controversy in a civil action.").

25         28.    Finally, Dr. Tang claims a right to attorneys' fees.  Compl., Prayer For

26   Relief.  Whether or not he may actually seek such a recovery, Dr. Tang's request

27   puts that issue in controversy between the parties.  California courts have held

28   contractual provisions for attorneys' fees may be enforced.  *See Applera Corp. v.*

1   *MP Biomedicals, LLC*, 173 Cal. App. 4th 769, 790 (2009) ("Civil Code section

2   1717 specifically authorizes courts to enforce contractual provisions requiring the

3   payment of attorney fees to the prevailing party.").

4         29.    These claims together make it plain that Dr. Tang is seeking more than

5   the minimum $75,000 needed to meet the amount in controversy requirement. *See*

6   *e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (finding that a

7   complaint exceeded $75,000 where it sought damages for lost wages, benefits,

8   401(k) contributions, value of life insurance policies, stock options, emotional

9   distress damages, and attorneys' fees and costs); *see also Singer*, 116 F.3d at 376-

10   77.

11   **III.    ALL REMOVAL PROCEDURES ARE SATISFIED**

12         33.    Los Angeles County, California, is located within the Central District

13   of California, Western Division, *see* 28 U.S.C. § 84(c)(2), and venue for this action

14   is proper in this Court under 28 U.S. C. §§ 1441(a) and 1446(a) because the Central

15   District of California, Western Division, is the "district and division embracing the

16   place where such action is pending."

17         34.    Pursuant to 28 U.S.C. § 1446(b), removal is timely because this

18   removal notice is filed within 30 days of Defendants' first service of the Summons

19   and Complaint in the State Court Action, and within one year of the January

20   January 16, 2016 commencement of this action.

21         37.    No previous application has been made for the relief requested herein.

22         38.    All properly joined and served defendants join in this removal in

23   accordance with 28 U.S.C. § 1446(b)(2)(A).

24         39.    No Defendant properly joined and served is a resident of this State.

25   *See* 28 U.S.C. § 1332(a).

26         40.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings

27   served upon Removing Defendants, including the Summons and Complaint, is

28   attached in Exhibit A.

DECHERT LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

DEFENDANTS' NOTICE OF REMOVAL
UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

41. Written notice of this removal is being provided to all adverse parties and is being filed with the clerk of the California Superior Court. *See* 28 U.S.C. § 1446(d).

42. Defendants hereby reserve their right to amend this Notice of Removal.

43. If any question arises with regard to the removal of this action, Defendants respectfully request the opportunity to be heard.

**WHEREFORE**, Defendants respectfully remove this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

Dated:     February 25, 2016          Dechert LLP

By: /s/ Catherine L. Carlisle
    Andrew S. Wong
    Catherine Carlisle

Attorneys for Defendants
LINDSAY ROSENWALD, MIKE
WEISS, OPUS POINT PARTNERS
MUSTANG BIO, INC. (a/k/a
MUSTANG THERAPEUTICS, INC.),
CITY OF HOPE, and FORTRESS
BIOTECH, INC. (f/k/a CORONADO
BIOSCIENCES, INC.)