STEPHEN S. SMITH (SBN 166539)
ssmith@stephensmithlaw.com
LAW OFFICES OF STEPHEN S. SMITH, P.C.
30700 Russell Ranch Rd., Suite 250
Westlake Village, California 91362
Telephone: 310.955.5824
Fax: 310.955.5824

Attorneys for Plaintiff WINSON TANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINSON TANG, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>LINDSAY ROSENWALD, an individual; MIKE WEISS, an individual; OPUS POINT PARTNERS, a Delaware Limited Liability Company; MUSTANG BIO, INC., (aka MUSTANG THERAPEUTICS, INC.) a Delaware corporation; CITY OF HOPE, a California nonprofit public benefit corporation; FORTRESS BIOTECH, INC. (f/k/a Coronado Biosciences, Inc.) a Delaware corporation; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 2:16-cv-01317-MWF-PLA<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT (NONDISCLOSURE AGREEMENT);**<br><br>**(2) BREACH OF CONTRACT (JOINT VENTURE AGREEMENT);**<br><br>**(3) BREACH OF CONTRACT (CITY OF HOPE AGREEMENT)**<br><br>**(4) PROMISSORY ESTOPPEL (EQUITY INTEREST);**<br><br>**(5) PROMISSORY FRAUD; and**<br><br>**(6) BREACH OF CONTRACT (THIRD PARTY BENEFICIARY CLAIM)**<br><br>**DEMAND FOR JURY TRIAL** |

FIRST AMENDED COMPLAINT

LAW OFFICES OF STEPHEN S. SMITH, P.C.
30700 Russell Ranch Rd., Suite 250
Westlake Village, California 91362

## NATURE OF THE ACTION

1. This action revolves around a breach of contract consisting of the misappropriation of a business opportunity in the biotechnology industry. Plaintiff Dr. Winson Tang ("Dr. Tang") and Defendants Dr. Lindsay Rosenwald ("Dr. Rosenwald"), Mike Weiss ("Mr. Weiss") and Opus Point Partners ("Opus") agreed that Dr. Tang would look for opportunities to jointly license medical technologies and that, if one party received information about any specific technology from the other, the receiving party would not obtain or license or otherwise exploit that technology without the disclosing party for a five-year period after the disclosure. Pursuant to that agreement, Dr. Tang informed defendants about a particular medical technology that was available to be licensed by City of Hope and introduced Dr. Rosenwald, Mr. Weiss and, their company, Defendant Fortress Biotech, Inc. ("Fortress") to City of Hope. City of Hope's first and primary contact was Dr. Tang, and City of Hope was already discussing with Dr. Tang the licensing of this technology and specifically intended to benefit Dr. Tang via the license. Dr. Tang then entered into discussions and an eventual contract with City of Hope for City of Hope to license this technology to a "Newco" owned, in part, by Tang. Upon reaching this agreement with City of Hope for the license (the "License Agreement"), Drs. Tang and Rosenwald, Mr. Weiss, Opus and Fortress agreed to create a new entity, Mustang Therapeutics, Inc., now known as Mustang Bio, Inc. ("Mustang"), to serve as licensee, in which Dr. Tang would receive a 15 percent ownership interest, as reflected in the License Agreement. Immediately after the exclusive License Agreement was signed with City of Hope, however, defendants sought to cut Dr. Tang out of the deal, refusing to issue him a stock certificate reflecting his equity interest in Mustang and suddenly inventing non-existent pre-conditions for the vesting of Dr. Tang's 15% ownership interest.

2. Dr. Tang requests that the Court order specific performance of the agreement to award him a 15 percent ownership interest in Mustang.

## THE PARTIES

3. At all relevant times, Dr. Tang was and is a medical doctor who resides and does business in the County of Los Angeles, state of California. Dr. Tang is a veteran of the

FIRST AMENDED COMPLAINT

1  biotechnology industry with more than 30 years of experience in biomedical research and drug
2  development. He has held positions of increasing responsibility in a number of biotechnology
3  companies including Amgen, Vertex Pharmaceuticals, Tularik, Isis Pharmaceuticals, Amsterdam
4  Molecular Therapeutics, and Sangamo BioSciences.

5   4. At all relevant times, Defendant Mustang was and is a Delaware corporation
6  conducting business within the County of Los Angeles, state of California.

7   5. At all relevant times, Defendant Fortress was and is a Delaware corporation
8  conducting business within the County of Los Angeles, state of California. Fortress was formerly
9  known as Coronado Biosciences, Inc. Fortress is the majority stock holder of Mustang.

10   6. At all relevant times, Defendant City of Hope was and is a California nonprofit
11  public benefit corporation headquartered in the County of Los Angeles, state of California. City
12  of Hope is a capital stock holder of Mustang.

13   7. At all relevant times, Defendant Dr. Rosenwald was and is an individual residing
14  in New York State and conducting business within the County of Los Angeles, state of California.
15  Dr. Rosenwald is a capital stock holder of Mustang.

16   8. At all relevant times, Defendant Mr. Weiss was and is an individual residing in
17  New York State and conducting business within the County of Los Angeles, state of California.
18  Mr. Weiss is a capital stock holder of Mustang.

19   9. At all relevant times, Defendant Opus was and is a limited liability company
20  registered in the state of Delaware, founded and controlled by Defendants Dr. Rosenwald and Mr.
21  Weiss and conducting business within the County of Los Angeles, state of California.

22   10. Does 1 through 10 are persons, corporations, or other entities, each of which, on
23  information and belief, was and/or is the managerial agent, employee, attorney, predecessor,
24  successor, joint venturer, co-conspirator, alter ego, parent, subsidiary, related entity, affiliate,
25  and/or representative of one or more of the other defendants named or identified herein and acted
26  with the permission, authorization and/or ratification and consent of them. Dr. Tang is informed
27  and believes, and based thereon alleges, that each fictitiously named defendant was in some way
28  responsible for, participated in, or contributed to the matters about which Dr. Tang complains and

has legal responsibility for those matters. The true identities of defendants Does 1 through 10 and/or the specific facts giving rise to a cause of action against them are currently unknown to Dr. Tang, and Dr. Tang therefore prays for relief to amend this complaint to assert the proper names of each such defendant(s) when his, her or its identity is discovered.

### THE JULY 7, 2013 NONDISCLOSURE AGREEMENT

11. In or about the spring of 2013, Dr. Rosenwald contacted Dr. Tang to discuss entering into a business relationship whereby Dr. Tang would refer to Dr. Rosenwald potential medical compounds/technologies suitable for the creation of a biotechnology company. Dr. Tang and Dr. Rosenwald agreed that they would seek to jointly license one or more medical compounds or technologies, form a company owned by both of them, and then commercially develop and exploit products and services incorporating such technologies via that company. On or about July 7, 2013, Dr. Tang and Opus, through Opus' agent Dr. Rosenwald, signed a nondisclosure agreement containing the following provision:

> Each Party acknowledges that the source of the technology and compound are Proprietary Information provided by the Disclosing Party and that the Receiving Party will not act to obtain or license the compound/technology without the Disclosing Party for a period of sixty months after such disclosure.

12. On August 21, 2014, Dr. Tang telephoned Dr. Rosenwald and informed him of a medical technology owned and controlled by the Cancer Center at the California non-profit corporation City of Hope, known as the Chimeric Antigen Receptor ("CAR-T") technology. The CAR-T technology is a new method to combat cancer by manipulating a patient's own T-cells to recognize and kill cancer cells, sometimes called adoptive immunotherapy. Dr. Tang had already begun discussions with City of Hope regarding the potential licensing of the CAR-T technology in the Spring of 2013. Dr. Tang then contacted Dr. Rosenwald to propose the formation of a new partnership between Dr. Tang and Dr. Rosenwald to license and exploit this technology.

## THE JOINT VENTURE AGREEMENT, THE CITY OF HOPE AGREEMENT AND THE LICENSE TO MUSTANG

13.     Specifically, on or about August 21, 2014, Dr. Tang telephoned Dr. Rosenwald and proposed that they enter into a partnership or joint venture to license the CAR-T technology. Dr. Tang is informed and believes, and based thereon alleges, that Dr. Rosenwald was unaware of the CAR-T technology or of the City of Hope licensing opportunity prior to the August 21 telephone call from Tang.

14.     On or about August 24, 2014, Dr. Tang submitted a new application to City of Hope to license the CAR-T technology. The application described the formation of a biotechnology company to develop and commercialize the CAR-T technology.

15.     On or about September 10, 2014, Dr. Tang flew to New York to meet with Dr. Rosenwald and Mr. Weiss to discuss the terms of the proposed partnership/joint venture vis-à-vis the City of Hope deal. During that meeting, Dr. Tang, Dr. Rosenwald, Fortress and Mr. Weiss agreed that they would form a new entity to license the CAR-T technology, in which Dr. Tang would have an equity ownership interest.

16.     Immediately upon reaching that agreement, Dr. Tang arranged for a telephone conference with City of Hope for the purpose of introducing Dr. Rosenwald and Mr. Weiss to the City of Hope team. That telephone conference took place on September 15, 2014, with Dr. George Megaw and Mr. Matt Grunseth representing the City of Hope. This was followed by an in-person meeting on or about October 14, 2014 at City of Hope's offices. The attendees at that meeting were Dr. Rosenwald, Mr. Weiss, Dr. Martha Vincent and Dr. Tang representing the licensee applicants. City of Hope was represented by Mr. Matt Grunseth and Drs Megaw, Larry Coture, Christine Smith and Stephen Forman. During the meeting, Dr. Tang presented the operating plan for the biotechnology company that would be formed to develop and commercialize the CAR-T technology.

17.     On November 7, 2014, following discussions with Dr. Rosenwald and Mr. Weiss, Dr. Tang sent to City of Hope the first draft of an exclusive license agreement between City of Hope and a to-be-formed entity owned by Drs. Tang and Rosenwald for the CAR-T technology.

Shortly thereafter, on November 13, 2014, City of Hope agreed to license to Drs. Tang and Rosenwald the CAR-T technology.

18. Between November 2014 and March 2015, Dr. Tang, on the one hand, and City of Hope, on the other hand, negotiated the terms of the exclusive license agreement and exchanged drafts thereof. Dr. Tang engaged in the negotiation with City of Hope for the benefit of himself, Dr. Rosenwald, Mr. Weiss and the new entity to be formed, which entity was to be the actual licensee in which Dr. Tang would have an ownership interest. During these discussions and negotiations between Dr. Tang and City of Hope, City of Hope agreed to license the technology to a "Newco" owned, in part, by Dr. Tang.

19. In the meantime, Dr. Tang, Dr. Rosenwald, Fortress and Mr. Weiss continued to solidify the specific terms of their agreement. After a series of discussions from early to middle January 2015, the parties discussed their respective equity shares in the entity that would serve as the official licensee of the license from City of Hope. By mid-January 2015, Dr. Tang, Dr. Rosenwald, Mr. Weiss and Fortress agreed that Dr. Tang would obtain a 15 percent equity ownership stake in that entity, which became Mustang. On February 6, 2015, Mr. Weiss created and e-mailed to Dr. Tang a capitalization table reflecting Dr. Tang's 15 percent ownership interest in Mustang.

20. On March 17, 2015, Mustang and City of Hope signed the exclusive license agreement. Paragraph 9.3.5 of the signed license agreement states that "Exhibit B sets forth a true and complete capitalization table of [Mustang]." Exhibit B is entitled "List of Capital Stock Holders" and expressly states that Dr. Tang is a "holder" of "15%" of Mustang's capital stock.

### **DEFENDANTS BREACHES OF CONTRACTS**

21. On April 17, 2015, Dr. Tang e-mailed Dr. Rosenwald and Mr. Weiss and asked them to issue and deliver to him a stock certificate representing his 15% ownership interest in Mustang. Mr. Weiss responded, "we'll work on the paperwork."

22. But the "paperwork" never came. Despite repeated requests from Dr. Tang and his legal counsel between April and September 2015, and Mr. Weiss's April 2015 promise to "work on the paperwork," Defendants have failed and refused to issue Dr. Tang a certificate for his 15

6

FIRST AMENDED COMPLAINT

percent equity interest in Mustang. Defendants have taken the position that they may license the CAR-T technology without Dr. Tang and without providing Dr. Tang any of the equity in the licensee entity, Mustang, that was agreed between the parties.

## FIRST CAUSE OF ACTION

### Breach of Contract - Nondisclosure Agreement

### (Against Defendants Opus and Dr. Rosenwald)

23. Dr. Tang hereby repeats, re-alleges and incorporates each and every allegation set forth in Paragraph 1 through 22 above as though fully set forth herein.

24. On or about July 7, 2013, Defendants Opus and Dr. Rosenwald agreed that they would not, without Dr. Tang, license or obtain any technologies disclosed to them by Dr. Tang for a period of sixty months after the disclosure.

25. On or about August 21, 2014, Dr. Tang disclosed to Dr. Rosenwald the existence of, and opportunity to license, the CAR-T technology, of which Dr. Rosenwald was not previously aware. Dr. Tang was instrumental in creating and facilitating the relationship between City of Hope and Mustang.

26. On or about March 17, 2015, Opus and Dr. Rosenwald, via the newly-created entity of Mustang, licensed the CAR-T technology from City of Hope. While Defendants initially clearly stated that Dr. Tang owned 15% of the licensee, Mustang, they have since that time refused to issue to Dr. Tang a stock certificate for Dr. Tang's equity interest in Mustang.

27. Dr. Tang has performed all obligations required of him under the July 7, 2013 nondisclosure agreement.

28. As a direct result of Defendants' breach of contract, Dr. Tang has suffered damages in an amount to be proven at trial, but not less than the jurisdictional minimum of this Court.

29. Pursuant to paragraph 5 of the July 2013 nondisclosure agreement, Dr. Tang requests that the court issue an order that Dr. Rosenwald specifically perform the agreement by granting to Dr. Tang 15% of the stock in Mustang.

## SECOND CAUSE OF ACTION

### Breach of Contract – Joint Venture Agreement

### (Against Defendants Dr. Rosenwald, Fortress and Mr. Weiss)

30. Dr. Tang hereby repeats, re-alleges and incorporates each and every allegation set forth in Paragraph 1 through 29 above as though fully set forth herein.

31. On or about January 15, 2015, Dr. Tang and Defendants Dr. Rosenwald, Fortress and Mr. Weiss agreed that Dr. Tang would receive a 15 percent equity interest in the entity that would license that technology from City of Hope, which entity later became Mustang.

32. The parties' joint venture agreement was subsequently reflected in the capitalization table prepared by Mr. Weiss in February 2015, and the "List of Capital Stock Holders" at Exhibit B to the exclusive license agreement between Mustang and City of Hope in March 2015.

33. Dr. Tang has performed all obligations required of him by the joint venture agreement.

34. Defendants Dr. Rosenwald, Fortress and Mr. Weiss breached the joint venture agreement by failing and refusing to issue to Dr. Tang a stock certificate for Dr. Tang's 15 percent equity interest in Mustang and failing to distribute 15 percent any revenues earned by Mustang to Dr. Tang.

35. As a direct result of Defendants' breach of contract, Dr. Tang has suffered damages in an amount to be proven at trial, but not less than the jurisdictional minimum of this Court.

36. Dr. Tang requests that the Court order issuance of a stock certificate reflecting Dr. Tang's 15 percent equity interest in Mustang.

FIRST AMENDED COMPLAINT

## THIRD CAUSE OF ACTION

### Breach of Contract – City of Hope Agreement

### (Against City of Hope)

37. Dr. Tang hereby repeats, re-alleges and incorporates each and every allegation set forth in Paragraph 1 through 36 above as though fully set forth herein.

38. On or about November 13, 2014, City of Hope and Dr. Tang entered into an oral contract pursuant to which City of Hope agreed to license the CAR-T technology to a "Newco" owned, in part, by Dr. Tang.

39. Dr. Tang performed all terms and conditions of that contract.

40. City of Hope breached this contract by licensing the technology to a new company called Mustang, which Defendants, including City of Hope, now claim Dr. Tang has no ownership interest in.

41. As a direct result of Defendant's breach of contract, Dr. Tang has suffered damages in an amount to be proven at trial, but not less than the jurisdictional minimum of this Court.

## FOURTH CAUSE OF ACTION

### Promissory Estoppel

### (Against Defendants Opus, Fortress, City of Hope, Dr. Rosenwald and Mr. Weiss)

42. Dr. Tang hereby repeats, re-alleges and incorporates each and every allegation set forth in Paragraph 1 through 41 above as though fully set forth herein.

43. In July 2013, Opus and Dr. Rosenwald promised that they would not exploit any medical technology opportunities that were disclosed by Dr. Tang to them without Dr. Tang. In making that promise, Defendants Opus and Dr. Rosenwald knew or should have known that Dr. Tang would reasonably rely on it to his detriment by disclosing to them the opportunity with City of Hope. In reliance upon Defendants' promise, in August 2014, Dr. Tang in fact did disclose to Opus and Dr. Rosenwald the opportunity with City of Hope, which led directly to the license agreement between Mustang and City of Hope.

44. In January 2015, Defendants Dr. Rosenwald, Fortress and Mr. Weiss promised Dr. Tang that he would receive 15% of the stock in Mustang in exchange for having connected Defendants with City of Hope and the CAR-T technology, facilitating the relationship between Defendants and City of Hope and working to consummate the execution of the license with City of Hope. In making that promise, Defendants Dr. Rosenwald, Fortress and Mr. Weiss knew or should have known that Dr. Tang would reasonably rely on it to his detriment by facilitating the completion of the exclusive license agreement between City of Hope and Mustang for the CAR-T technology. Dr. Tang did in fact reasonably rely on Defendants' promise to his detriment by facilitating the completion of the exclusive license agreement between City of Hope and Mustang for the CAR-T technology.

45. Defendants Opus, Fortress, Dr. Rosenwald and Mr. Weiss broke their promises by failing and refusing to issue to Dr. Tang a stock certificate for Dr. Tang's 15 percent equity interest in Mustang, seeking to impose onerous conditions on the vesting of such ownership interest, seeking to tie Dr. Tang's equity interest to his employment when the two things were supposed to be separate, and failing to distribute 15 percent any revenues earned by Mustang to Dr. Tang.

46. On or about November 13, 2004, City of Hope promised Dr. Tang that it would license the CAR-T technology to a "Newco" to be owned in part by Dr. Tang. In making this promise, City of Hope knew or should have known that Dr. Tang would reasonably rely on it to his detriment by facilitating the completion of the exclusive license agreement between City of Hope and Mustang for the CAR-T technology. Dr. Tang did in fact reasonably rely on Defendants' promise to his detriment by facilitating the completion of the exclusive license agreement between City of Hope and Mustang for the CAR-T technology.

47. City of Hope broke its promise by licensing the technology to a new company called Mustang, which Defendants, including City of Hope, now claim Dr. Tang has no ownership interest in.

48. In light of the foregoing, injustice may be avoided only by enforcement of Defendants' promises, and they are estopped to deny it.

FIRST AMENDED COMPLAINT

49. As a direct result of Defendants' broken promise, Dr. Tang has suffered damages in an amount to be proven at trial, but not less than the jurisdictional minimum of this Court.

50. Dr. Tang requests that the Court order issuance of a stock certificate reflecting Dr. Tang's 15 percent equity interest in Mustang.

## FIFTH CAUSE OF ACTION

### Promissory Fraud

### (Against Defendants Dr. Rosenwald, Fortress and Mr. Weiss)

51. Dr. Tang hereby repeats, re-alleges and incorporates each and every allegation set forth in Paragraph 1 through 50 above as though fully set forth herein.

52. On or about January 15, 2015, Defendants Dr. Rosenwald, Fortress and Mr. Weiss promised that, in exchange for having connected Defendants with City of Hope and the CAR-T technology and facilitating the relationship between Mustang and City of Hope and working to consummate the license with City of Hope, Dr. Tang would receive a 15 percent equity interest in Mustang.

53. Dr. Tang would not have facilitated the completion of the licensing relationship between Mustang and City of Hope without that promise.

54. Dr. Tang is informed and believes, and based thereon alleges, that Defendants did not intend to perform that promise at the time they made it, and made the promise in order to induce Dr. Tang to continue facilitating the completion of the licensing relationship between Mustang and City of Hope.

55. Dr. Tang reasonably relied upon Defendants' false promise to his detriment by facilitating the completion of the licensing relationship between Mustang and City of Hope.

56. Defendants did not perform their promise, and instead proceeded to license the CAR-T technology from City of Hope, while cutting Dr. Tang out of the deal.

57. As a direct result of Defendants' fraud, Dr. Tang has suffered damages in an amount to be proven at trial, but not less than the jurisdictional minimum of this Court.

58. Dr. Tang requests that the Court order issuance of a stock certificate reflecting Dr. Tang's 15 percent equity interest in Mustang.

FIRST AMENDED COMPLAINT

59. As a result of Defendants' fraud, Dr. Tang is also entitled to exemplary and/or punitive damages as authorized by law and in an amount sufficient to punish and make an example of Defendants.

## SIXTH CAUSE OF ACTION

### Breach of Contract – Third Party Beneficiary Claim

### (Against All Defendants)

60. Dr. Tang hereby repeats, re-alleges and incorporates each and every allegation set forth in Paragraph 1 through 59 above as though fully set forth herein.

61. This fifth cause of action is asserted in the alternative. If Dr. Tang is determined to be a 15% shareholder in Mustang as alleged above, then this claim is moot. However, if Dr. Tang is found not to be a 15% shareholder in Mustang, then this claim is ripe.

62. At all times relevant herein, Dr. Tang was a third party beneficiary of the license agreement between City of Hope and Mustang. City of Hope, Mustang, Dr. Rosenwald, Mr. Weiss, Opus and Fortress knew and intended that the license agreement was for Dr. Tang's specific, individual benefit. The licensee became an entity, later named Mustang, only because City of Hope, Dr. Rosenwald, Opus, Fortress and Mr. Weiss had promised to Dr. Tang an equity interest in such entity and had promised to license the technology to an entity, Newco, owned in part by Dr. Tang. Indeed, that representation was made in the license agreement itself. City of Hope then entered into the license with that entity, Mustang, specifically knowing and agreeing that Dr. Tang would be and was in fact a 15% shareholder in Mustang.

63. City of Hope, Mustang, Dr. Rosenwald, Mr. Weiss, Opus and Fortress all knew, at the time the license agreement was entered into, that (a) they all owed to Dr. Tang the obligations set forth in the agreements alleged above, and (b) that the license agreement with Mustang was intended by all defendants to satisfy such obligations. They knew this, in part, because the license agreement specifically stated on its face that Dr. Tang was a 15% capital stock holder in Mustang. Accordingly, Dr. Tang is a creditor, intended third party beneficiary of the license agreement.

64. Dr. Tang has informed City of Hope that the obligation owed to him, which was to

be satisfied via the license agreement, has not been performed due to the refusal of Mustang, Dr. Rosenwald, Fortress, Opus, City of Hope and Mr. Weiss to issue to Dr. Tang his 15% equity shares in Mustang. City of Hope knew that it and the other defendants owed Dr. Tang the obligation of a 15% equity ownership interest in Mustang and the license agreement itself for the reasons alleged above.

65. All defendants have breached the obligations owed to Dr. Tang as a creditor, intended third party beneficiary of the license agreement by failing to grant to him 15% of the capital stock of Mustang, thereby denying him his share of the benefits of the license itself.

66. At all times relevant herein, Dr. Tang has performed all obligations required of him as a third party beneficiary of the license agreement.

67. As a direct result of defendants' breach of contract, Dr. Tang has suffered damages in an amount to be proven at trial, but not less than the jurisdictional minimum of this Court.

## PRAYER FOR RELIEF

WHEREFORE, Dr. Tang prays for judgment and relief in its favor and against Defendants on all causes of action, as follows:

1. For compensatory damages in an amount to be proven at trial;

2. For specific performance of the July 7, 2013 nondisclosure agreement and the January 15, 2015 joint venture agreement, and the November 13, 2014 City of Hope agreement, ordering that Defendants grant to Dr. Tang 15% of the stock in Mustang;

3. For exemplary and/or punitive damages as authorized by law and in an amount sufficient to punish and make an example of Defendants;

4. For pre-judgment interest at the maximum allowable legal rate;

5. For Dr. Tang's reasonable attorneys' fees and costs incurred herein; and

6. For such other and further relief as the Court may deem just and proper.

DATED: March 14, 2016　　　　　　　　　LAW OFFICES OF STEPHEN S. SMITH, P.C.


By: /s/ Stephen S. Smith
STEPHEN S. SMITH (SBN 166539)
Attorneys for Plaintiff WINSON TANG

### DEMAND FOR TRIAL BY JURY

Plaintiff Winson Tang hereby demands a trial by jury of all triable issues.

DATED: March 14, 2016　　　　　　　　　LAW OFFICES OF STEPHEN S. SMITH, P.C.


By: /s/ Stephen S. Smith
STEPHEN S. SMITH (SBN 166539)
Attorneys for Plaintiff WINSON TANG

LAW OFFICES OF STEPHEN S. SMITH, P.C.
30700 Russell Ranch Rd., Suite 250
Westlake Village, California 91362