UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV-16-01317-MWF-PLA     Date: April 27, 2016
Title:   Winson Tang -v- Lindsay Rosenwald, et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER REMANDING ACTION [23]

Before the Court is Plaintiff's Motion to Remand (the "Motion"), filed on March 23, 2016. (Docket No. 28). Defendants filed an Opposition to the Motion on April 4, 2016, and Plaintiff's Reply followed on April 11, 2016. (Docket Nos. 28, 33). The Court reviewed and considered the papers submitted on the Motion, and held a hearing on **April 25, 2016**.

The Motion is **GRANTED**. The Court has no jurisdiction over this action due to the lack of diversity between Plaintiff Wilson Tang and Defendant City of Hope ("COH"), both citizens of California. Although Defendants contend that COH was "fraudulently joined" to defeat the Court's jurisdiction, they have failed to meet their heavy burden in establishing that no plausible claims could be asserted against COH.

**I.     BACKGROUND**

The First Amended Complaint ("FAC") makes the following allegations:

Plaintiff agreed with Defendants Rosenwald, Weiss, Opus Point Partners, and Fortress Biotech (the "Joint Venture Defendants") to seek out and obtain licenses for medical technologies. (FAC ¶ 1 (Docket No. 19)). Soon after reaching that agreement, Plaintiff discovered that COH owned a new technology—called Chimeric Antigen Receptor ("CAR-T") technology—that could be used to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-01317-MWF-PLA                              Date:  April 27, 2016
Title:    Winson Tang -v- Lindsay Rosenwald, et al.

manipulate a patient's T-cells to recognize and kill cancer cells.  (*Id. ¶* 12).  Plaintiff approached COH regarding a potential business deal that would facilitate development and commercialization of that cutting-edge cancer treatment.  (*Id*. ¶¶ 14, 16-17).  After some negotiations, COH orally agreed to license the CAR-T technology to a company in which Plaintiff would have an ownership interest.  (*Id. ¶* 18).

Plaintiff then corroborated with the Joint Venture Defendants to create a new entity, Defendant Mustang Bio, Inc., that would serve as the official licensee of the CAR-T technology.  (*Id.* ¶ 19).  The parties discussed their respective equity shares in Defendant Mustang, and eventually agreed that Plaintiff would obtain a fifteen percent ownership stake.  (*Id.*).  Shortly after Defendant Mustang was formed, it entered into an exclusive licensing agreement with COH under Plaintiff's guidance and oversight.  (*Id.* ¶ 20).  As the FAC emphasizes, Plaintiff "was instrumental in creating and facilitating the relationship between [COH] and Mustang."  (*Id. ¶* 25).

Despite the crucial role Plaintiff played in reaching the licensing agreement, the Joint Venture Defendants never issued Plaintiff a stock certificate for his fifteen percent interest in Defendant Mustang.  (*Id.*  ¶ 22).  Instead, they have insisted that Plaintiff is not entitled to any equity whatsoever, despite a written agreement to the contrary.  (*Id.*).  The Joint Venture Defendants justified their actions by "inventing non-existent pre-conditions for the vesting of [Plaintiff's] 15% ownership interest."  (*Id.* ¶ 1).

Plaintiff thus brought this action in the Los Angeles Superior Court, asserting claims for breach of contract, promissory estoppel, and fraud against the Joint Venture Defendants and Defendant Mustang.  (*Id.* ¶¶ 23-36; 42-67).  As to COH, Plaintiff asserts claims for breach of contract and promissory estoppel "in the alternative."  (*Id.* ¶¶ 37-50, 60-67).   If it turns out that Plaintiff is not a co-owner Defendant Mustang, then, the FAC alleges, COH would be liable for breaching the promise to license the CAR-T technology to a company in which Plaintiff has an ownership interest.  (*Id.*).

---

**CIVIL MINUTES—GENERAL**                                                               2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-01317-MWF-PLA                            Date:  April 27, 2016
Title:       Winson Tang -v- Lindsay Rosenwald, et al.

    Defendants removed the action to this Court, invoking diversity jurisdiction. (Notice of Removal at 1-3 (Docket No. 1)).  While the Joint Defendants and Defendant Mustang are diverse, Defendants admit that both COH and Plaintiff are citizens of California.  (*Id.* at 2-3).  Defendants claim, however, that COH's citizenship should be disregarded for jurisdictional purposes because COH was "fraudulently joined" as a party.  (*Id.* at 3-7).  Plaintiff timely brought this Motion to remand the action back to the Los Angeles Superior Court.

## II.   LEGAL STANDARD

    As all parties recognize, the threshold requirement for removal under 28 U.S.C. § 1441 is a "finding that the complaint . . . is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortgage Co.,* 340 F.3d 858, 861 (9th Cir. 2003).  In most circumstances, "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)).  A well-established exception to the complete-diversity rule is "'where a non-diverse defendant has been 'fraudulently joined.'" *Id.* (quoting *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001)) (holding that a party was not fraudulently joined simply because the claims against it were preempted).  Joinder is considered fraudulent only if "the individuals joined in the action cannot be liable on any theory."  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (holding that two non-diverse defendants were fraudulently joined when the claims against them were time-barred).

    Because all doubts weigh against removal, a court considering whether joinder is fraudulent "must resolve all material ambiguities in state law in plaintiff's favor." *Macey v. Allstate Property and Cas. Ins. Co*., 220 F. Supp.2d 1116, 1117 (N.D. Cal. 2002) (citing *Good v. Prudential Ins. Co. of America*, 5 F.Supp.2d 804, 807 (N.D. Cal. 1998)).  "If there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendant[,] the court must remand." *Id*.; *see also Good*, 5 F. Supp. 2d at 807 ("[T]he defendant

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-16-01317-MWF-PLA          Date: April 27, 2016
Title:     Winson Tang -v- Lindsay Rosenwald, et al.

must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). Given this standard, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (holding that the non-diverse defendants were not fraudulently joined because there was some possibility the plaintiff's claims were viable under unsettled California law).

     Even when a pleading contains insufficient allegations to state a claim for relief against a non-diverse defendant, a remand is proper if the "defendant fail[s] to show that plaintiff would not be granted leave to amend his complaint to cure the asserted deficiency by amendment." *Johnson v. Wells Fargo & Co.*, No. CV 14-06708 MMM JCX, 2014 WL 6475128, at *8 (C.D. Cal. Nov. 19, 2014) (quoting *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)) (remanding action because it was "possible" that the plaintiff could amend the complaint to state a viable claim against the non-diverse defendant). "Consequently, if a defendant simply argues that plaintiff has not pled sufficient facts to state a claim, the heavy burden of showing fraudulent joinder has not been met." *Martinez v. Michaels*, No. CV 15-02104 MMM (EX), 2015 WL 4337059, at *5 (C.D. Cal. July 15, 2015) (remanding action because the defendants have failed to demonstrate that "there [was] no possibility" that the plaintiff could state viable harassment claims against the non-diverse defendants); *see Birkhead v. Parker*, No. C 12–2264 CW, 2012 WL 4902695, at *3 (N.D. Cal. Oct. 15, 2012) ("Even if these allegations do not rise to the level of outrageous conduct, Defendants cannot establish that Plaintiff would not be able to amend the complaint to allege any viable claim against [the non-diverse defendant] under California law.").

## III.   DISCUSSION

     Defendants contend that COH was "fraudulently joined" because the allegations against it are too vague to form plausible claims for relief. (Opposition at 8). The alleged oral contract between Plaintiff and COH, argue Defendants, is

---

**CIVIL MINUTES—GENERAL**          4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-01317-MWF-PLA            **Date:** April 27, 2016
**Title:**     Winson Tang -v- Lindsay Rosenwald, et al.

nothing more than an "agreement to agree," which is unenforceable under California law. (*Id.*); *see Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 213, 45 Cal. Rptr. 3d 692 (2006) ("Because essential terms were only sketched out, with their final form to be agreed upon in the future (and contingent upon third-party approval), the parties had at best an 'agreement to agree,' which is unenforceable under California law."). And even assuming that the alleged agreement is enforceable, Defendants continue, the FAC pleads the essential elements of a breach of contract claim—consideration, breach, and damages—in only "conclusory" terms. (Opposition at 8-11). Such allegations, Defendants emphasize, fail "to satisfy the pleading requirements of federal and California law." (*Id.* at 11).

     Defendants make similar arguments as to Plaintiff's claim for promissory estoppel. They contend that the FAC's allegations are insufficient to establish that (1) COH made an unambiguous promise; (2) Plaintiff foreseeably relied on that promise to his detriment; and (3) that reliance caused Plaintiff to incur damages. (*Id.* at 13-14); *Moncada v. W. Coast Quartz Corp.*, 221 Cal. App. 4th 768, 780, 164 Cal. Rptr. 3d 601 (2013) ("The elements of promissory estoppel are (1) a clear promise, (2) reliance, (3) substantial detriment, and (4) damages . . . ."). Given these alleged deficiencies, Defendants contend that Plaintiff's promissory estoppel claim is not plausible under Rule 8. (Opposition at 14-15).

     Finally, Defendants challenge Plaintiff's allegations that he was a third-party beneficiary of the licensing agreement, and that all Defendants, including COH, were obligated to convey to Plaintiff a fifteen percent ownership interest in Defendant Mustang. (*Id.* at 15-19). The FAC, argue Defendants, "does not contain any specific or plausible allegations" showing that COH and Defendant Mustang entered into the licensing agreement for Plaintiff's benefit. (*Id.* at 16). Defendants thus conclude that Plaintiff failed to state a plausible claim for relief against COH. (*Id.* at 19).

     But Defendants misunderstand their burden of persuasion on this Motion. They must show not that the FAC fails to state a plausible claim for relief, but that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-16-01317-MWF-PLA**                                         **Date:  April 27, 2016**
**Title:       Winson Tang -v- Lindsay Rosenwald, et al.**

no claim whatsoever, under any legal theory, could be asserted against COH in this action.  In other words, Defendants must establish that no amendment to the FAC would cure the alleged deficiencies in Plaintiffs' claims.  *See, e.g., Martinez*, 2015 WL 4337059, at *5 ("[T]he defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies.").  And that burden Defendants fail to meet.

Even assuming that the FAC's allegations are inadequate under Rule 8—an issue on which the Court expresses no opinion—there is plainly a "non-fanciful possibility," *Macey*, 220 F. Supp.2d at 1117, that Plaintiff could assert plausible claims against COH in a Second Amended Complaint.  Plaintiff could at least ***possibly*** allege, for instance, that (1) COH agreed to negotiate a licensing agreement with a company in which Plaintiff has an ownership interest; (2) in exchange, Plaintiff agreed to facilitate the negotiation and finalize the terms of the agreement; (3) COH was aware that Plaintiff did not have an ownership interest in Defendant Mustang; (4) COH negotiated with Defendant Mustang anyway, thus breaching its obligation to negotiate in good faith with Plaintiff's company; and (5) Plaintiff suffered damages by expending his time and money on the negotiations or by being deprived of the value of COH's promise.  Defendants have failed to demonstrate that such allegations would not plausibly state a viable claim for breach of contract.  *See Copeland v. Baskin Robbins U.S.A.,* 96 Cal. App. 4th 1251, 1257, 117 Cal. Rptr. 2d 875 (2002) ("A contract to negotiate the terms of an agreement is not, in form or substance, an 'agreement to agree.' . . . A party will be liable only if a failure to reach ultimate agreement resulted from a breach of that party's obligation to negotiate or to negotiate in good faith.").

Similar allegations could form the basis of a claim for promissory estoppel.  It is possible that Plaintiff could allege that (1) COH made a promise to negotiate a licensing agreement with a company in which Plaintiff holds stock; (2) in reliance on that promise, Plaintiff expended time and money facilitating the negotiations and finalizing the terms of the agreement; (3) Plaintiff's reliance was reasonable and foreseeable because the value of his stock would increase if COH were to enter into an agreement with his company; (4) COH was aware, however, that Plaintiff

---

**CIVIL MINUTES—GENERAL**                                                                                         6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-01317-MWF-PLA                    Date:  April 27, 2016
Title:      Winson Tang -v- Lindsay Rosenwald, et al.

held no stock in Defendant Mustang; (5) COH entered into an agreement with Defendant Mustang anyway; and (6) Plaintiff suffered damages by expending his time and money on the negotiations or by being deprived of the value of COH's promise.  Nothing in Defendants' Notice of Removal and Opposition to this Motion indicates that such allegations are not actionable as a matter of law.

At the hearing, Defendants challenged the Court's conclusion primarily on three grounds:

*First*, Defendants suggested that it is inappropriate to consider what Plaintiff could allege in a Second Amended Complaint under *Kruso v. International Telephone & Telegraph Corporation*, 872 F.2d 1416 (1989).  But *Kruso* does not support Defendants' position.  There, the Ninth Circuit declined to consider the plaintiffs' proposed amended complaint in its fraudulent joinder analysis, holding that allegations in the original complaint made clear that plaintiffs lacked standing to bring *any* claims against the non-diverse defendants.  *Id.* at 1426 & n.12.  *Kruso* thus reaffirmed the overarching principle that, absent some special circumstances, only a categorical defect in the plaintiff's claims would support a finding of fraudulent joinder.  No such categorical defect exists in this action; rather, the FAC's allegations show that there is at least a non-fanciful possibility that a valid claim could be asserted against COH.

*Second*, Defendants argued that no amendment to the FAC could transform Plaintiff's alleged oral contract with COH into something other than an "agreement to agree."  However, assuming that Plaintiff is not a co-owner of Defendant Mustang, it is possible that COH breached not an "agreement to agree" but an agreement to negotiate in good faith with a company in which Plaintiff does have an ownership interest.  Contrary to Defendants' suggestion, COH's negotiation of the licensing agreement with Defendant Mustang, as opposed to a company in which Plaintiff actually holds stock, could be actionable under California law.  *See Copeland,* 96 Cal. App. 4th at 1257 (holding that "a cause of action will lie for breach of a contract to negotiate the terms of an agreement").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-01317-MWF-PLA            **Date:** April 27, 2016
**Title:**      Winson Tang -*v*- Lindsay Rosenwald, et al.

*Third*, Defendants contended that COH could not have breached an agreement to negotiate with Plaintiff's company because it believed that Plaintiff either had or would have an ownership interest in Defendant Mustang. Plaintiff disputed that assertion both at the hearing and in the papers, arguing that COH played an integral part in denying Plaintiff his right to the fifteen percent interest in Defendant Mustang. (*See* Motion at 6). The very existence of this factual dispute, which the Court cannot resolve at this juncture, indicates that it is at least possible that COH is a proper Defendant. Indeed, if Plaintiff is correct that COH intended to prevent Plaintiff from obtaining stock in Defendant Mustang during the negotiations of the licensing agreement, it is certainly possible that Plaintiff could state a cognizable claim against COH.

Defendants' underlying argument is that COH's inclusion in this action was a "transparent effort" to defeat jurisdiction (Opposition at 1), which is probably true, but the motive of Plaintiff simply does not matter. "Fraudulent joinder" is a term of art. For example, it does not mean that a defendant must prove that a plaintiff did something improper or intended to deceive the district court. *Rogers v. Sun Delivery, Inc.*, No. 5:14-CV-01461-ODW, 2014 WL 5849357, at *2 (C.D. Cal. Nov. 12, 2014); *see Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.") (internal quotation marks, citations, and alterations omitted).

However, it is likewise true that a defendant does not succeed in showing fraudulent joinder by asserting—or proving—that the motive of a plaintiff was to defeat diversity jurisdiction. *See, e.g.*, *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 578 (5th Cir. 2004) ("The subjective intent of the plaintiff [who joined a non-diverse defendant] is irrelevant . . . ."); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985) ("The fact that the plaintiffs' motive for joining a Doe defendant is to defeat diversity is not considered indicative of fraudulent joinder."); *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) ("[The plaintiff's] motive in joining [the non-diverse defendant] is immaterial to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-01317-MWF-PLA           **Date:** April 27, 2016
**Title:** Winson Tang -*v*- Lindsay Rosenwald, et al.

our determination regarding fraudulent joinder."); *Kuperstein v. Hoffman-Laroche, Inc.,* 457 F. Supp.2d 467, 470 (S.D.N.Y.2006) ("[A]part from fraud, the plaintiff's motive in joining the non-diverse party is irrelevant, so long as the claim against that party is colorable.").

     Accordingly, the Court cannot conclude that COH was "fraudulently joined," as that term is used in the technical jurisdictional sense. Even if the Court were to accept all of Defendants' arguments and determine that Plaintiff's claims were deficient as currently pleaded, the Court would certainly grant Plaintiff leave to amend. That fact alone requires a remand.

## IV. CONCLUSION

     For the foregoing reasons, the Motion is **GRANTED**. Accordingly, the Court **REMANDS** the action to the Superior Court of the State of California for the County of Los Angeles (Case No. BC-607346).

     Defendants' pending Motion to Dismiss (Docket No. 25) is **DENIED** *as moot*.

     IT IS SO ORDERED.